UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C, by and through his parents and next friend, MIKE AND MELISSA CONNOR, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:08CV1853 HEA<br>) |
| MISSOURI STATE BOARD OF EDUCATION, et al., | )<br>)<br>) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dunklin R-V School District's Motion to Dismiss, [Doc. No. 13] and Dunklin's Supplemental Motion to Dismiss, [Doc. No. 17]. Plaintiff opposes the motions. For the reasons set forth below, the Motions are denied.

Plaintiff C., by and through his parent and next friend, Mike and Melissa Conner, filed this Complaint against Defendants State of Missouri, Missouri State Board of Education, Missouri Department of Elementary and Secondary Education, State Schools for the Severely Handicapped,[1] collectively ("State Defendants"), and

---

[1] On August 28, 2008, the State Schools for the Severely Handicapped was renamed the Missouri Schools for the Severely Disabled. Mo.Rev.Stat. § 162.730; L.2008, H.B. No. 1807, § A. Because the parties refer to the defendant as "State Schools for the Severely Handicapped" in the complaint and in their memoranda, the Court will also use that name.

Dunklin R-V School District seeking injunctive and monetary relief under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983 for violations of the Equal Protection Clause of the United States Constitution against all defendants. Plaintiff also alleges violations of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. against State Defendants. Defendant Dunklin R-V School District has moved to dismiss on the bases that Plaintiff failed to exhaust his administrative remedies, (original motion to dismiss) and sovereign immunity, (supplemental motion to dismiss.

**Facts and Background**

Plaintiff's Complaint alleges the following facts[2]: Plaintiff is a severely handicapped individual who has been diagnosed with Spastic Quadriplegic Cerebral Palsy, secondary to Microcephaly and Lissencephaly, and Cortical Visual Impairment, Plaintiff has attended Mapaville State School for the Severely Handicapped,[3] ("Mapaville"), since January, 2005.

Mapaville is one of several State Schools for the Severely Handicapped ("State Schools"). The State Schools are operated by the Missouri Department of

---

[2] The recitation of the facts is taken from Plaintiff's Complaint and is set forth for the purposes of this Motion only. It in no way relieves the parties of the necessary proof of these facts later in this proceeding.

[3] On August 28, 2008, the State Schools for the Severely Handicapped was renamed the Missouri Schools for the Severely Disabled. Mo.Rev.Stat. § 162.730; L.2008, H.B. No.1807, § A. Because the parties refer to this defendant as "State Schools for the Severely Handicapped," the Court will likewise refer to this Defendant in the same manner.

Elementary and Secondary Education ("DESE"), the state agency responsible for accreditation and management of public schools in Missouri, including Mapaville. The Missouri State Board of Education ("State Board") is responsible for supervising instruction in all public schools in Missouri. Dunklin R-V School District is a public school district.

The Complaint further alleges that during the time Plaintiff was a student at Mapaville, he was neglected on a regular basis to sit without interaction. His Individualized Education Programs, ("IEPs") were not implemented in material and significant part. Mapaville has materially failed to implement necessary and critical components of Plaintiff's educational program, as he has been subjected to oral and physical abuse and neglect at school. Further, Plaintiff alleges that Defendants collectively have failed Plaintiff and have violated their obligations to him through a persistent pattern of profound incompetence, willful neglect, gross misjudgment, and reckless indifference to his rights.

Plaintiff alleges Mapaville's inadequacies are systemic. Staff are unsupervised and unaccountable for their failures to effectuate IEP goals or otherwise treat the students with human dignity. Mapaville's chronic inadequate supervision, staff apathy, lack of training, underskilled service providers, undertrained teachers and aids and untended classrooms have resulted in a trivial and meaningless education for Plaintiff. Plaintiff contends these inadequacies, along

with Defendants' failure to develop and implement Plaintiff's IEPs, have denied Plaintiff a free appropriate public education.

Plaintiff sought relief through the administrative process provided by the State of Missouri. Dunklin was allegedly not notified of the hearing and did not appear at the hearing. At the beginning of the hearing, the Chief Hearing Officer granted the school's "Motion for Summary Judgment: on the sole ground that, categorically, under any circumstances, audio/visual monitoring is not "appropriate relief" under the IDEA.

Plaintiff seeks the following relief: Reversal of the Due Process Order; a declaration that the Order was erroneous; a declaration that Plaintiff was denied a free appropriate public education during the statutory time period; Order the DESE to install audio/video monitoring of all classrooms and hallways at the State School for the Severely Handicapped, including Mapaville; an injunction against DESE from operating State Schools for the Severely Handicapped and an order that Plaintiff be placed back in his school district; an order that DESE pay for compensatory educational services; reimbursement of reasonable attorney's fees and costs incurred; and actual damages.

## **Legal Standard**

There is a dispute among the Circuit Courts of Appeals whether the failure to exhaust administrative remedies is a jurisdictional requirement under the Individuals

with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA") or whether exhaustion is merely a condition precedent for filing an IDEA lawsuit. The Seventh and Eleventh Circuits have held that the failure to exhaust administrative remedies does not deprive a court of subject matter jurisdiction. See, e.g., *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989, 991 (7th Cir.1996); *N.B. by D.G. v. Aluchua County Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir.1996). These courts reason that the lack of exhaustion is usually waivable while lack of jurisdiction is not. *Charlie F.*, 98 F.3d at 991. Because the exhaustion requirement is not jurisdictional, it "is not to be applied inflexibly." *N.B. by D.G.*, 84 F.3d at 1379. In these jurisdictions, the failure to exhaust administrative remedies is an unmet condition precedent for filing a lawsuit and results in dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or is considered after the answer has been filed. *Moseley v. Bd. of Educ.*, 434 F.3d 527, 533 (7th Cir.2006).

Other Courts conclude that exhaustion of administrative remedies is a jurisdictional prerequisite. See, e.g., *Polera v. Bd. of Educ.*, 288 F.3d 478, 483 (2d Cir.2002); *MM v. Sch. Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir.2002); *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1274 (9th Cir.1999); *Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 725 (10th Cir.1996). In these jurisdictions, the failure to exhaust administrative remedies results in dismissal for lack of subject matter jurisdiction. See *Urban*, 89 F.3d at 725.

The Eighth Circuit has not squarely addressed the issue. In *M.P. v. Indep. Sch. Dist. No. 721*, 439 F.3d 865, 867 (8th Cir.2006), the school district moved for dismissal under both Fed. R. Civ. P 12(b)(1) and (b)(6). The district court dismissed the school district under Fed.R.Civ.P. 12(b)(1). *Id.* The Eighth Circuit did not address whether dismissal was appropriate under 12(b)(1) or 12(b)(6), but it did state that "even when an IDEA claim fails for lack of jurisdiction, a Section 504 claim may still be considered." *Id.* at 868. This dicta indicates that the Eighth Circuit would treat the issue as one of subject matter jurisdiction. Generally, district courts within the Eighth Circuit view the failure to exhaust administrative remedies as jurisdictional. See, e.g., *K.F. v. Francis Howell R-III Sch. Dist.*, 4:07CV1691ERW, 2008 WL 723751, at *2 (E.D.Mo. Mar. 17, 2008) ("The Court believes that in the Eighth Circuit the matter is properly treated as one of subject matter jurisdiction."); *A.C. v. Indep. Sch. Dist. No. 152*, 2006 WL 3227768, at *2 (D.Minn. Nov. 7, 2006) ("In general, a court lacks subject matter jurisdiction to hear an IDEA dispute unless an plaintiff exhausted all available state administrative review procedures prior to filing suit."); but see *Dohmen v. Twin Rivers Pub. Schs.*, 207 F.Supp.2d 972, 989 (D.Neb.2002) (discussing different approaches to the issue).

As a result, the Court will treat Dunklin's motion as one to dismiss for failure to exhaust administrative remedies as one for lack of subject matter jurisdiction

under Rule 12(b)(1).[4] The issue goes directly to the "very power to hear the case," *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Id*. at 729 n. 6. "In the first instance, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id*. "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id*.

In this case, Dunklin makes a facial attack to subject matter jurisdiction. "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993).

## **Discussion**

---

[4] In its motion, Dunklin states it moves to dismiss for failure to state a claim in that Plaintiff failed to exhaust administrative remedies. In the memorandum in support, Dunklin states it moves to dismiss under Rule 12(b)(6) because this Court lacks subject matter jurisdiction. Dunklin also identifies the legal standard as one for failure to state a claim rather than for lack of subject matter jurisdiction. Because the arguments are based on the IDEA's exhaustion requirement and the Court has determined that the Eighth Circuit would treat the issue as one of jurisdiction, the Motion will be analyzed under Rule 12(b)(1).

**Motion to Dismiss**

Dunklin's basis for dismissal is that the claims against it under the IDEA, the Rehabilitation Act, the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 must be dismissed because Plaintiff failed to exhaust his administrative remedies against the district. Plaintiff responds that he has not brought claims against Dunklin under the IDEA, that he was not required to name Dunklin in order to exhaust his IDEA remedies, and that exhaustion would be futile and inadequate.

Dunklin argues that Plaintiff's claims based on the IDEA against it must be dismissed for failure to exhaust administrative remedies. A review of Plaintiff's Complaint shows that he brings his IDEA claim, appealing the Due Process Order in Count I, against only the parties named in the due process complaint. Plaintiff asserts Rehabilitation Act, ADA and § 1983 claims against Dunklin in Counts II-IV. Since Plaintiff does not bring an IDEA claim against Dunklin, there is no claim to dismiss.

The IDEA's exhaustion requirement is not limited to claims brought under the IDEA. Section 1415(l) of the IDEA states,

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been

brought under this subchapter.

20 U.S.C. § 1415(l) (emphasis added). "The IDEA exhaustion requirement applies to claims brought under section 504 or other federal statutes only to the extent those claims seek relief that is also available under the IDEA." *M.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 888 (8th Cir.2008). In *M.Y.*, the Eighth Circuit noted with approval the district court's observation that the IDEA's "administrative procedures and remedies were only designed to address prospective educational benefits." *Id*. Claims that must be exhausted are those related "to the IEP process, which involves individual identification, evaluation, educational placement, and free, appropriate education (FAPE) decisions." *M.P. v. Indep. Sch. Dist. No. 721*, 439 F.3d 865, 868 (8th Cir.2006).

The issue then is whether Plaintiff's discrimination claims relate to the IEP process or is "wholly unrelated" to that process. *Id*. Plaintiff claims that Dunklin discriminated against him by excluding him from the District and placing him in the State School program which suffers from systemic infirmities based on his disability. Dunklin argues that its referral of Plaintiff to the State Schools for the Severely Handicapped is "unquestionably a FAPE decision" and relates exclusively to the development and implementation of Plaintiff's IEP. The Complaint, however, does not allege that Dunklin's decision to exclude Plaintiff from the district was related to the development and implementation of Plaintiff's IEP. Nowhere does

Plaintiff allege that Dunklin's decision to exclude him from the district relates to his IEP. Because this is a facial challenge to subject matter jurisdiction, the Court may not look beyond the pleadings. Here, the pleadings do not refer to the District's role in developing an IEP for Plaintiff. Accordingly, Dunklin's motion to dismiss for lack of subject matter jurisdiction is denied without prejudice.

**Supplemental Motion to Dismiss**

In its Supplemental Motion to Dismiss, Dunklin seeks dismissal of Count IV on the ground that it is not a "person" subject to suit under Section 1983.

The Court has previously dismissed Plaintiff's § 1983 Equal Protection claim against three State Defendants because State Defendants did not qualify as "persons," and therefore cannot be sued under § 1983. Dunklin argues that it, as a governmental entity, is also not a "person," and cannot be sued under § 1983. Section 1983 of Title 42 provides, "[e]very person who, under color of [law] causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable...." "Section 1983 provides a cause of action against 'persons' only." *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir.1991).

For purposes of § 1983, a state is not a "person." *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). A suit against a state Board of Education or

Department of Education qualifies as an action against the state. Cf. Robinson v. Kansas, 295 F.3d 1183, 1191 (10th Cir.2002). Therefore, Plaintiff could not bring a § 1983 suit against State Defendants because they are not "persons" under the statute.

Dunklin, however, may be sued under § 1983. In *Monell v. Dep't. of Social Servs.*, the Supreme Court clarified that local governmental entities, do qualify as "persons" and therefore may be sued under § 1983 if it is alleged that an official policy or custom "is responsible for a deprivation of rights protected by the Constitution." 436 U.S. 658, 690-92 (1978). The Eighth Circuit has routinely permitted school districts in Missouri to be sued under § 1983 under *Monell*. See e.g., *Thelma D. ex. rel. Delores A. v. Bd. of Educ.*, 934 F.2d 929, 932 (8th Cir.1991); *S.J. v. Kansas City Missouri Public Sch. Dist.*, 294 F.3d 1025, 1028 (8th Cir.2002); *Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118 (8th Cir.2005); *P.H. v. Sch. Dist. of Kansas City*, 265 F.3d 653 (8th Cir.2001). Dunklin, as a school district in Missouri, qualifies as a "person" for § 1983 purposes. Plaintiff has alleged a policy of discrimination against Dunklin and therefore, Dunklin's Supplemental Motion to Dismiss Count IV will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dunklin R-V School District's Motion to Dismiss, [Doc. No. 13], is denied.

**IT IS FURTHER ORDERED** that Defendant Dunklin's Supplemental Motion to Dismiss [Doc. No. 17] is **DENIED**.

Dated this 8th day of September, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE